IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAULA VARGAS AND JESÚS HERNANDEZ § | |
| § | |
| § | CIVIL ACTION NO. 4:21-CV-03655 |
| V. § | |
| § | |
| CHEDDAR'S CASUAL CAFE, INC. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PAULA VARGAS and JESÚS HERNANDEZ, Plaintiff in the above entitled and numbered cause, complaining of and against CHEDDAR'S CASUAL CAFE, INC., Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. PARTIES

1. Plaintiff, PAULA VARGAS, (hereinafter "Vargas") is an individual who resides in Liberty County, Texas.

2. Plaintiff, JESÚS HERNANDEZ, (hereinafter "Hernandez") is an individual who resides in Liberty County, Texas.

3. Defendant, CHEDDAR'S CASUAL CAFE, INC., (hereinafter "Defendant") is a Delaware corporation whose principal place of business is located in Orlando, Florida. Defendant is doing significant business in the State of Texas and may be served by and through its registered agent for service of process, Corporate Creations Network, Inc., at 5444 Westheimer #1000 Houston, Texas 77056.

### B. JURISDICTION AND VENUE

4. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case

1

is between citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendant occurred within this Judicial District.

### C.  FACTUAL ALLEGATIONS

6. Plaintiffs would show that this lawsuit has become necessary as a result of personal injuries that Plaintiff Vargas suffered on or about October 26, 2020.  On said date, Plaintiff Vargas went to the Cheddar's Scratch Kitchen located at 21001 I-45, Spring, Texas 77388 to dine.  This restaurant is owned, operated, and/or controlled by Defendant.

7. Plaintiff Vargas was eating at said Cheddar's Scratch Kitchen when she slipped on a liquid substance located on the floor of the women's restroom and fell to the ground. Cheddar's Scratch Kitchen did not have any wet floor signs nearby when Plaintiff Vargas slipped and fell. Furthermore, an employee of Cheddar's told Plaintiff Vargas that she, the employee, was supposed to have cleaned the liquid substance on the floor of the women's restroom earlier, but she, the employee, had been too busy waiting tables to do so.  Due to the fall, Plaintiff Vargas suffered severe injury to her back, buttocks, and right shoulder.

8. Because of Plaintiff Vargas' constant pain and discomfort, which were brought about by the injury she suffered at Cheddar's, her mood notably worsened and her anxiety rose.  This deterioration in her mood and increase in anxiety negatively impacted the love and companionship that she previously had with Plaintiff Hernandez, who is Plaintiff Vargas' husband.  In addition, Plaintiff Vargas' injuries prevented her from being able to cook, clean, do laundry, and other household chores that Plaintiff Hernandez had relied upon Plaintiff Vargas to do.

## D. CLAIMS FOR RELIEF

### Premises Liability

9.  Plaintiffs incorporate by reference and re-allege paragraphs 1 through 8.

10. Plaintiff Vargas alleges a premises liability cause of action against Defendant. At the time of the incident made the basis of this suit:

    a. Plaintiff Vargas, who entered the Cheddar's Scratch Kitchen for the mutual benefit of both parties, was an invitee on Defendant's premises. As a result, Defendant owed a duty of reasonable care to Plaintiff Vargas at the time of the incident made the basis of this suit.
    b. Defendant had actual or constructive knowledge of a dangerous condition on the premises in the form of liquid on the ground in the women's restroom of the Cheddar's Scratch Kitchen visited by Plaintiff Vargas;
    c. The unattended liquid on the floor of the women's restroom posed an unreasonable risk of harm to Plaintiff Vargas;
    d. Defendant failed to warn of and failed to eliminate the aforementioned dangerous condition; and
    e. Defendant's failure to warn of or eliminate the unreasonable risk of harm proximately caused Plaintiffs' damages.

11. Defendant is vicariously liable for the negligent acts and/or omissions of its employees via the doctrine of *respondeat superior*.

12. As a result of said occurrence, Plaintiff Vargas suffered continuous physical pain, including pain in her back, buttocks, and right shoulder, which resulted in not only medical expenses, but also mental anguish, physical disfigurement, physical impairment, and loss of earning capacity. In all reasonable probability, Plaintiff Vargas' physical pain, medical expenses, mental anguish, physical disfigurement, physical impairment, and loss of earning capacity will continue indefinitely.

### Loss of Consortium

13. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 12.

14. Plaintiff Hernandez alleges a loss of consortium cause of action against Defendant.

Because of Plaintiff Vargas' physical injuries proximately caused by the acts and/or omissions of Defendant, Plaintiff Hernandez suffered a loss of emotional and intangible elements of his marriage with Plaintiff Vargas, including but not limited to love, companionship, emotional support, and care.

### Loss of Household Services

15. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 14.

16. Plaintiff Hernandez alleges a loss of household services cause of action against Defendant. Because of Plaintiff Vargas' physical injuries proximately caused by the acts and/or omissions of Defendant, Plaintiff Vargas is no longer able to perform household services like she could prior to her injury at Cheddar's, including but not limited to cooking, cleaning, and doing laundry.

### E. DAMAGES

17. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 16.

18. As a direct and proximate result of Defendant's conduct, Plaintiff Vargas suffered the following injuries and damages:

    a. Reasonable and necessary medical expenses incurred in the past, and, in all reasonable medical probability, reasonable and necessary medical expenses to be incurred in the future;
    b. Physical pain and suffering in the past, and, in all reasonable probability, physical pain and suffering the future;
    c. Mental anguish in the past and, in all reasonable probability, mental anguish in the future;
    d. Physical disfigurement in the past and, in all reasonable probability, physical disfigurement in the future;
    e. Physical impairment in the past and, in all reasonable probability, physical impairment in the future;
    f. Loss of personal property.

19. As a direct and proximate result of Defendant's conduct, Plaintiff Hernandez suffered the

following injuries and damages:

a. Loss of consortium in the past and, in all reasonable probability, loss of consortium in the future;
b. Loss of household services in the past and, in all reasonable probability, loss of household services in the future;

## F.  JURY DEMAND

20. Plaintiffs demand a trial by jury.  A jury fee is being paid contemporaneously with the filing of this Complaint.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, after trial on the merits, they have judgment against Defendant, CHEDDAR'S CASUAL CAFE, INC. for the following:

a. Sum in excess of the minimum jurisdictional limits of this Honorable Court;
b. Actual damages;
c. Pre-judgment interest and post-judgment interest at the maximum legal rate;
d. Costs of court; and
e. Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

_____
Alan Kolodny
S.D. Tex.: 1267978
State Bar of Texas: 24056882
Attorney-in-Charge
Rashon Murrill
S.D. Tex.: 3323268
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com

                                          **ATTORNEYS FOR PLAINTIFFS PAULA VARGAS AND JESÚS HERNANDEZ**